UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JOSHUA J. LATTIMER and CAR CARE )
NOW, LLC, )
         )
    *Plaintiffs*, )
         )
v. ) No. 1:19-cv-00117-PLR-SKL
         )
FCA US, LLC d/b/a DODGE )
         )
    *Defendant*. )

## ORDER

In this products liability case, Plaintiffs Joshua J. Lattimer and his company, Car Care Now, LLC ("Car Care"), assert claims against Defendant FCA US, LLC (d/b/a "Dodge"), arising from a fire that occurred on the premises of Car Care. Plaintiffs assert the fire was caused when a Dodge-manufactured minivan, which was parked at Car Care to be serviced, spontaneously burst into flames. Acuity Mutual Insurance Co. ("Acuity") insured Car Care at the time of the incident, and has paid Plaintiffs $18,399 under the insurance policy.

Currently before the Court is Acuity's motion to intervene [Doc. 17] to pursue a subrogation claim. Neither Plaintiffs nor Defendant filed a response to the motion, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a) ("the answering brief . . . shall be served and filed no later than 14 days after the service of the opening brief"). The Court deems the parties' failure to respond as a waiver of any opposition to the motion. *See id.* 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

Pursuant to Federal Rule of Civil Procedure 24(a)(2), upon the timely filing of a motion, the Court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a

practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Acuity's motion was filed just over two months after this case was removed from state court, and the trial is not scheduled to take place until October 2020. No party objected to Acuity's claim of a subrogation interest in any recovery in this case. As such, the Court finds Acuity's motion was timely filed and that intervention is proper. *See Wilkerson v. Flying J., Inc.*, No. 3:08-CV-173, 2008 WL 11342564, at *2 (E.D. Tenn. Nov. 7, 2008) (granting motion to intervene to medical insurance company, reasoning the insurer "is entitled to participate in this action to ensure that its unique interest as subrogee is properly protected." (quotation marks omitted) (quoting *Maricco v. Meco Corp.*, 316 F. Supp. 2d 524, 527 (E.D. Mich. 2004))); *see also Moore v. United States*, No. 2:18-CV-82, 2018 WL 6779099, at *1 (E.D. Tenn. Oct. 19, 2018) ("It is well settled that an insurer-subrogee has a substantive right to protect its interest in the losses claimed by the insured-subrogor. It need not wait until the conclusion of the action to file a separate subrogation claim against the plaintiff to recoup its portion of the judgment received." (citations omitted)), report and recommendation adopted, 2018 WL 6778250 (E.D. Tenn. Nov. 8, 2018).

Rule 24(c) requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Acuity did not comply with this procedural aspect of Rule 24. Nevertheless, the United States Court of Appeals for the Sixth Circuit "has recognized that it is an abuse of discretion for a district court to reject a 'motion to intervene on the basis that it failed to attach a pleading,'" so long the parties were on notice of the nature of the intervenor's claims and not otherwise prejudiced. *Wilkerson*, 2008 WL 11342564, at *2 (quoting *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 314 (6th Cir. 2005)). It is

2

clear from Acuity's motion it will assert a subrogation claim against Dodge for the money Acuity has paid to Plaintiffs as a result of the fire. In the absence of any objection from the parties, the Court finds this is sufficiently clear.

Accordingly, the Court **GRANTS** Acuity's motion to intervene [Doc. 17] and **ORDERS** Acuity to file an intervening pleading within **seven days** of entry of this Order.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*  
SUSAN K. LEE  
UNITED STATES MAGISTRATE JUDGE